UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LOUISE M. JADWISIAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV743 HEA |
| | ) | |
| UNITED HEALTH CARE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 6]. Defendant opposes the motion and the parties have submitted memoranda in support of their respective positions. For the reasons set forth below, the Motion is denied.

Plaintiff sued Defendant in state court for failure of Defendant to pay her medical bills under the provisions of a group health plan as an "in network" provider/service, rather than an "out of network" provider/service. Defendant removed the case to this Court on the basis that it was covered by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. Plaintiff moves to remand, arguing that Defendant has failed to demonstrate in its removal pleadings that the insurance coverage provided through her husband's employer is an ERISA

plan.

## Facts and Background

Plaintiff's husband is an employee of Global Surgical Corporation. Global provided medical benefits to its employees and their dependents by purchasing a group health insurance policy from Defendant. Global contributed a portion of the premiums and employees were responsible for paying the remaining portion. Global was responsible for: determining which employees and dependents were eligible for coverage under the policy; enrolling employees and dependents in the policy; collecting employee portions of the premium; and remitting the entire amount of the premium

Plaintiff received medical treatment in Minnesota in 2006. The treatment was provided by medical providers who were not a part of Defendant's network of "participating" providers. Defendant paid for Plaintiff's medical treatment under the policy's non-network benefits. Plaintiff urges that Defendant was required to pay for her medical treatment under the policy's network benefits because she contends that Defendant did not have a qualified medical provider in its provider network who could provide her with the medical treatment she allegedly needed.

Plaintiff brought the instant suit on April 4, 2008 in the Circuit Court for the County of St. Louis, Missouri, Twenty-First Judicial Circuit, alleging breach of

contract to pay for insured coverage, (Count I), Vexatious Refusal, (Count II). Plaintiff filed a conditional Count III for Penalties in the event a determination is made that Plaintiff's breach of contract and vexatious refusal to pay claims are covered by ERISA.

Defendant removed the action on the grounds that Plaintiff's claims are preempted by ERISA and therefore this Court has federal question jurisdiction. Furthermore, Defendant alternatively asserts that the Court has diversity of citizenship jurisdiction

## Discussion

**Motion to Remand and ERISA Preemption**

Removal of an action filed in state court is proper if the state law claims are completely preempted by ERISA. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987). State-law claims are preempted if the claims "relate to" an employee benefit plan such that they have a connection with or reference to such a plan. *Estes v. Fed. Express Corp.*, 417 F.3d 870, 871 (8th Cir. 2005). ERISA defines an employee welfare benefit plan as "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants [specified] benefits . . . ." 29 U.S.C. § 1002(1). For a plan, fund or program to fall within ERISA's scope, "a reasonable person must be able to

ascertain the intended benefits, a class of beneficiaries, source of financing, and procedures for receiving benefits." *Northwest Airlines, Inc. v. Fed. Ins. Co.*, 32 F.3d 349, 354 (8th Cir. 1994).

Defendant has submitted the affidavit of Jane Stalinski, Legal Case Information Analyst for Defendant. Within this affidavit, it is established that Global submitted an application for insurance for its employees; that Defendant issued a group health insurance policy; that Plaintiff, thought her husband was covered under the policy.[1]

The Eighth Circuit has recognized that an employer's payment of insurance premiums, standing alone, is substantial evidence of the existence of an ERISA plan. *Robinson v. Linomaz*, 58 F.3d 365, 368 (8th Cir. 1995). Further,

> there is no requirement that the employer play any role in the administration of the plan in order for it to be deemed an E[mployee] W[elfare] B[enefit] P[lan] under ERISA. *Donovan v. Dillingham*, 688 F.2d 1367, 1374 (11th Cir.1982) (en banc); see *Randol*, 987 F.2d at 1550-51 n. 5 (11th Cir.1993) ("[A] commercially purchased insurance policy under which the procedures for receiving benefits are all dictated by the insurance carrier can constitute a plan for ERISA purposes."). The statute simply provides that the EWBP must be

---

[1] Plaintiff challenges the ability of Ms. Stalinski to attest to the contents of the affidavit since there is nothing in the affidavit to establish she is the custodian of records or that she witnessed the execution of the documents. Such arguments are insufficient to sufficiently challenge the veracity of contents of the affidavit. See *Resolution Trust Corp v. Eason*, 17 F.3d 1126, 1132 (8th Cir. 1994). Ms Stalinski clearly falls within the parameters of Rule 803 of the Federal Rules of Evidence as an "other qualified witness."

> "established or maintained" by the employer. 29 U.S.C. § 1002(3) (emphasis added). Therefore, an employer's purchase of an insurance policy to provide health care benefits for its employees can constitute an EWBP for ERISA purposes. See *Madonia*, 11 F.3d at 447 ("Under [the] statutory definition [of an employee welfare benefit plan], employers may easily establish ERISA plans by purchasing insurance for their employees.")."

*Id*, at 368.

This is precisely what has occurred with respect to the policy at issue. The employer, Global, submitted an application for group health insurance for its employees and their dependents; a policy was issued to it; Global determined eligible employees; it paid a portion of the premium; it collected the remaining premium from its employees; and was responsible for paying the entire amount of the premium. Under prevailing Eighth Circuit law, the policy at issue is an employee welfare benefit plan and is therefore subject to the provisions of ERISA. Plaintiff has presented nothing to establish a contrary interpretation.

## **Conclusion**

Based upon the foregoing analysis, Plaintiff's Motion to Remand is without merit. This matter was properly removed. Plaintiff's state claims, Counts I and II are preempted by ERISA. Plaintiff's alternative Count III for Penalties under ERISA remains viable and this matter shall proceed on this Count.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 6] is **DENIED**.

Dated this 18th day of August, 2008.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE